HERNÁNDEZ ET AL., PETITIONERS, *v.* CUEVAS ZEQUEIRA, DISTRICT JUDGE, RESPONDENT.

Petition for a Writ of Certiorari to the District Court of Humacao in Proceedings for Change of Venue.

No. 175.—Decided February 19, 1917.

CERTIORARI—CHANGE OF VENUE—APPEAL—STAY OF PROCEEDINGS—SUPERSEDEAS.—
According to section 298 of the Code of Civil Procedure, an appeal from an order refusing a change of venue does not stay the proceedings in the action; and although the filing of a supersedeas bond is part of the perfecting of an appeal in California and Idaho, from whose codes the said section was. taken, this is not the case in Porto Rico.

The facts are stated in the opinion.

*Messrs. Fernando Vázquez* and *José R. F. Savage* for the petitioners.

The respondent did not appear.

MR. JUSTICE WOLF delivered the opinion of the court.

Before the District Court of Humacao, on December 11, 1916, the defendants in Civil Case No. 4573, in which the petitioners in this proceeding are the plaintiffs, filed a motion for a change of venue to the District Court of Guayama. The motion was overruled on January 9, 1917, and on January 18 the defendants appealed to this court from that ruling. On the day on which they took their appeal the said defendants moved the district court for a stay of all the proceedings in said Case No. 4573 pending the decision by this Supreme Court of the appeal taken from the aforesaid ruling. On January 26, 1917, the respondent in this proceeding, acting as judge of the District Court of Humacao, sustained the motion of the said defendants and ordered that all the proceedings in the said case be stayed pending the decision by this court of the appeal from the ruling denying the said change of venue. Because of this last order the petitioners make their application for a writ of certiorari.

Section 298 of the Code of Civil Procedure provides:

"The perfecting of an appeal by giving the undertaking, or making the deposit mentioned in section ——, stays proceedings in the

court below upon the judgment or order appealed from, except where it directs the sale of perishable property; in which case the court below may order the property to be sold and the proceeds thereof to be deposited, to abide the judgment of the appellate court. And except, also, where it adjudges the defendant guilty of usurping or intruding into, or unlawfully holding a public office, civil or military, within said Island. And except, also, where the order grants, or refuses to grant, a change of the place of trial of an action.''

The law is plain on its face and neither the District Court of Humacao nor the defendants in the original suit have shown us any reason for departing therefrom. A supersedeas is part of the perfecting of an appeal in California or Idaho, from which the section in question is copied, but in this case it should be noted there was no attempt to give a bond nor any other step taken which justified defendants in calling their application a ''motion for supersedeas.'' There is no room for a supersedeas under the terms of the statute aforesaid. See also *Amsterdam* v. *Puente et al.,* 15 P. R. R. 143.

The order of January 26, 1917, of which complaint is made, must be annulled.

*Petition granted and order set aside.*

Chief Justice Hernández and Justices del Toro, Aldrey and Hutchison concurred.